all right all right let me get rid of this all right um okay this um the second case that we have on for argument this afternoon is number two zero five zero nine six three vista health plan incorporated versus the united states miss riggs mr sandberg can you hear okay yes sir all right yes i can appreciate your flexibility we're sorry that the fog um prevented you from having a nice meal in nuance i'll be on the spoof of your clients but you know you'll have to get it the next time but anyway otherwise we're glad that you know at least we had a zoom capability so we didn't have to totally reset the case at another time so i think technically we're good to go so uh on behalf of vista miss riggs we'll hear from you thank you um this case presents significant administrative procedure act issues that are probably more significant than the admin in the affordable care act issues um if i was still a law professor i'd be saying this is a perfect federal apa law school exam um has jurisdiction when the district court orders remand when does the party have a right to an agency adjudication and the validity of a rule and what is the record that the court reviews upon um review of a rule i want to start with jurisdiction because i think that's obviously the most significant preliminary question um we filed this appeal and uh we had the um health and human services had the appellant of how i believe objected we probably would have briefed the issue earlier and may have reached this issue at an earlier point but uh there is also something to be said for being dismissed by this court for a remand as opposed to going back and availing oneself of a remand and then having to fight for jurisdiction should one wish to bring all of the same validity and constitutional challenges i suspect that were if we had followed that process simply availing ourselves of the remand and then brought all of the same issues and potentially new ones to the district court we might be fighting a challenge um over whether the court could the district court could hear those um allegations um and having looked at this i have to say that that i think we do question whether the court has jurisdiction um of course in memorial hospital um the court said that it isn't a judgment that remains any part of an administrative appeal is not final and cannot and is not reviewable and you have to go back and avail yourself of the remand first um there are a number of exceptions to that um this court has has addressed for example in silver versus secretary of the army found that remand to correct military records in a case to challenge the accuracy of those records was not final and and remanded and said the court did not have jurisdiction until after the remand was resolved in barfield which we believe is the most applicable case that that was one uh regarding disability benefits that had been denied and the district court remanded to the secretary of health education and welfare to determine whether the applicant had been denied due process and this court said uh it did not have jurisdiction under 28 usc section 1291 to consider uh the appeal we believe that that barfield decision is probably the most applicable because we have a due process issue here what the court did was remand to the agency because the agency record was not clear on whether this to health plan had received the hearing uh to which it was entitled so the court basically granted our due process concern the court also referenced um action on administrative appeals 45 cfr section 156 1 12 20 um this court could probably look just to the statute or the rule to determine uh whether vista was entitled to more review the agency or to some kind of hearing um i'm not sure the court has to or that the district court had to reach the due process issue but it did and we made those arguments because we believed that the statutory or the rule review was insufficient so we also made our due process argument that we are entitled to an agency adjudication under the federal apa and it's that the only thing that it can do uh in a review is consider whether data has been properly inputted into its system in order to apply its formula into adjustment transfer has been properly calculated its position is it doesn't consider any other issues the district court didn't really go into detail it just said we're entitled to a hearing say how much and as we all know in due process there are two questions do you get a hearing and how much is it a name clearing hearing for example or is it a full-blown evidentiary hearing and i anticipate that we will have that issue arise on remand to the cms how much review do you still have a case that is pending before a hearing examiner at the cms and the position that the cms took in that is it may be me but i don't hear you quite as loudly as i would prefer so maybe on my end i don't know but if on your end if there's a way turn it up a little bit is that better that's much better okay and i'll and i'll sit forward a little bit too so i'm closer to my microphone okay thank you i mean i heard you but you know i was kind of straining upwards so thanks so much i don't want you to do that no all right no worries i want it to be clear um the cms takes the position that all that that they cannot declare their rule invalid and they can't confirm declare the statute unconstitutional or their own rules in value we agree however they can hear evidence uh and at least arguments or documentary evidence of why vista believes that the rule was improperly applied to it and beyond just the question of did you properly enter claims data if we had that opportunity the district court would have the opportunity to review uh would have a record to review of an agency adjudication now the cms has come back and said but you don't the record you've got the only record you need and the only record you need is the record of the notice in common rule making the agency's administrative record for an agency adjudication and an agency's rule making record when it engages in its quasi legislative function agencies when they do agency adjudications under the epa are acting in a quasi judicial capacity making fact findings making conclusions of law and they do it in the context of in this case just vista health plan and the application of the rate adjustment transfer rule to vista in the context of a particular assessment 2017 and 2018 when an agency passes a rule they create an agency rule making record that's the quasi legislative function and what the agency brought forth to the district court was just their rule making record their legislative record and it's undisputed that they never gave vista um agency adjudication or an administrative hearing let me let me interrupt you and just make sure that i'm that i'm following along here i mean i guess what what you're talking about is sort of a dichotomy there are the challenges vista makes to the promulgation of the 2017 and 2018 rules and the claims that are related to that and what you're discussing now is what you would say is an adjudicative agency proceeding which is the computation of what vista owed under those rules right i mean in other words specific to vista um what processes this to do etc is that am i following you correctly yeah a due process argument about that we never got that hearing we never got the adjudicative hearing but let me ask you this too i mean i may just be a little confused and my learned colleagues may not may be as crystal clear as crystal but when you started out talking about jurisdiction and you said there was a question as to whether this court has jurisdiction are you talking about this whole case i mean it's not often that an appellant will come in and and basically start out by saying we should dismiss the appeal or are you only talking about the due process considerations with regard to what you say is the adjudicative administrative process i'm a little confused on that sure i think what the cases have said is that if you don't have a final decision you don't have jurisdiction and you got to go back to the agency and then you can still bring all the same issues but you have to wait until after you follow your remand it obviously means there's some duplication of effort it's less efficient and there are exceptions to that doctrine but it's hard for me even looking at the cases we've cited to the court there are the fifth circuit cases barfield and silver there are a number of tenth circuit cases as well where the courts have said that if there's a collateral order where the orders are so significant that there's nothing for the agency to do um then there's no reason for a remand and so it became it is a dichotomy um and and i think some uh advocates might say if the court really wants to reach the issues it will say that there are significant issues that stand alone and must be resolved before there can be a remand if they want to see the issues more fully developed or they don't want to address the issues they will say we lack jurisdiction and send it back for example if this court is let me let me ask you this because you're down about four minutes with respect to the argument that you just made what is the relief you're asking for with respect to the point that you just made and that judge wilson asked you to clarify what's the relief you're asking i think we are asking the uh that the case be remanded to the court with instructions that it go back to the agency for a hearing on due process but that we wait and bring our constitutional claims upon the appeal of that decision i think that's the most consistent as an ad as an officer of the court i think that is the most consistent with the case law i i would love to go forward on the constitutional issues um we have challenged the rule on the basis that the end of it that it lacks a rational basis because when the individual mandate went away from the affordable care act that the rational that the basis for the rate adjustment transfer also disappeared so we have a number of issues that we would love to argue here and issues that i think would clearly have article three standing to raise whereas many previous litigants did not as we know from the california versus texas case but i i fear that this i would hate to have those issues come up and have review be denied because a higher court said this court did not have jurisdictions so council just to play the other side if i apprehend what the government is going to say that this does not entitle to a separate adjudicatory proceeding because effectively what they've done is they've promulgated these rules the rules have a formula and what vista o spits out on the other end and here it is i mean is that is that right correct i think that's what their argument will be however is that we don't get a hearing and i think this court but the issue however is they did not appeal the district court's decision or challenge the district court's decision on the remand they did not perfect their own appeal and say they're entitled to a hearing the district court erred in saying you have a due process right to a hearing indeed it's difficult for them to do that in light of the fact that their own rules give the right to an administrative appeal now it may be a question of how much of an administrative appeal and so it's difficult for them to argue that we have no right to any kind of review and here there is no real record to show what that we got review and how much there's no findings of fact and conclusions of law and they could come back and say you don't get that much of a hearing and here's why we don't think you do but even that would give the district court a chance to review and that's something that we did not have and there is no agency record to show that and that's part of what the district court what judge jacob was attempting to remand for reserve the remaining minute if you have other questions where are you if you lose on your contentions of retroactivity and takings challenge to the validity of the rule and i think they're there the this court could disagree with the new mexico court on the consideration of the average state premium i think section whatever let me just ask this question suppose that we think that uh under land graph you cannot prevail um that uh no retroactive effect here um that is that they have not attached consequences to pre-existing duties um now where does that leave you that is only one of our arguments about why uh the rule is invalid may i take a little of my time i had reserved for rebuttal to complete the answer sir no i'll give i'll give you i'll give you two minutes in cyberspace to respond to judge higginbotham's question so this fourth right and then if necessary i'll give the government a little time to deal with it since you spent so much time on the jurisdictional kind of issue but the point's there so of course just giving you two minutes not 201 but two minutes judge higginbotham we made a number of challenges to the validity of the rule leave aside the question do we get a hearing leave aside the question whether the rules apply retroactively and whether they can enforce it during 2018 when the new mexico court suspended our validity challenge that challenge of the retroactivity that's a procedural defect our allegation is you didn't follow proper apa notice and comment but we also challenged the substance of the rule we have said that section 18.063 requires that the cms consider actual risk actuarial risk not that it consider revenue and that they had diluted that question now the new mexico court after it went went up the 10th circuit said there's nothing wrong with the agency considering an average state premium they certainly have the authority to do that we respectfully disagree with that and believe that this court should take another look compare the rule with the actual statute the actual language of section 18.063 we have also argued that the rule does not have a rational basis because in the nfib case the first sebelius case the court said that you may not impose an individual mandate the rate adjustment transfer is entirely a creature designed to accommodate the effect of the individual mandate so without the individual mandate there is a fairly traceable claim from our harm to that particular provision now we didn't make a direct constitutional challenge but it is why we say that rule part of why we say that rule is invalid okay thank you all right okay thank you all right and you you've reserved your your rebuttal time intact all right we'll hear from miss sandberg for the government good afternoon may it please the court jeff sandberg for hhs um i'd like to start with talking a little bit about what the district court here did decide and didn't decide because this is a complete jumble that has landed in your laps i'm sorry that it has landed there uh but i think i can clear a few things up so the the district court deduced nine different claims in vista's complaint it reached and resolved the merits on eight of them against vista that's the retroactivity and the takings and everything else and then there on the ninth claim was a due process claim um that what vista pled in its complaint was that it had filed a request for reconsideration as to the 2018 risk adjustment charges that hadn't yet been acted upon by cms and for unclear reasons the district court never learned that that request for reconsideration had in fact been denied by cms in november 2019 but the district court instead of you know inquiring what's the status of this reconsideration quest hasn't been acted on had said look i think there's a gap in the record here and so i'm going to send this back to the to the agency for anything further that needs to happen to adjudicate this request for reconsideration and upon getting this you know we said well that's you know that's kind of funny we already denied the request for reconsideration knows that it's received that letter and then vista took its notice of appeal to this court and so we figured okay you know vista knows its request has been acted on we know that we acted on its request this appeal is going to be about the eight other things that the district court actually resolved the merits on rather than anything else um the district court didn't hold that the government had to give a hearing to vista i'm not sure why vista keeps saying that it the district court ruled in its favor on due process all the district court said was vista is talking about a reconsideration request that hasn't been addressed i'm going to let the hhs address it we have since in a july 2021 letter sent completed the remand by telling vista look we we denied your thing and your request for reconsideration in november 2019 there's no there's nothing further that needs to happen now hhs is is completely done with this case the district court has told us it's completely done with this case and the claims this goes directly to judge wilson's very helpful question before um about you know is is vista bringing sort of substantive claims to the to challenging the rule and then also a kind of seeking adjudication of how the rule applies to it vista in fact is not challenging the application of the rules to vista in the sense of you miscalculated the number or you looked at the wrong invoices vista does not deny that if these rules are constitutional and and and consistent with seems to think that it gets to have an individual hearing on whether the rules have to apply to it but that's that's as a matter of administrative law that's not correct i mean and if if congress passes title 7 into law an employer doesn't get to have a hearing on whether title 7 applies to it or not like you it applies to you unless there's some exception and here hhs had over the years entertained the idea should there be exceptions for small insurers should things apply differently to new insurers and old insurers and hhs said no and the way we're going to run the and these are the rules that apply to everyone and and you can seek individual reconsideration if you think that that hhs is calculating the numbers correctly or is misunderstanding something about your circumstances you know the population you covered but you don't get to challenge the rules themselves in an administrative hearing given where we are then what uh is your position as to what this panel should do well on appellate jurisdiction we flag this in in our officer of the court role i don't think we like have all that much at stake and whether this court dismisses or whether it hears it but some facts that are relevant to you and thinking about appellate jurisdiction are there's nothing left for the agency to decide the only claims that agency that that vista says it wants to present before the agency are the very same claims that it the eight claims it pressed to the district court and the district court ruled on like what vista says it wants a hearing on before the agency is notice and comment retroactivity takings all of the things that are fully briefed before you and i don't we don't understand vista to have presented any independent claim that hasn't been ruled on yet so from our perspective hhs is done the district court is done if this court thinks that there's a problem just jurisdictionally i i think you could dismiss for lack of jurisdiction and we could go back to the district court and say a rule 60b posture and ask the district court to enter a new judgment that said that you know doesn't remand to the agency because there's no need for a remand because we already adjudicated the reconsideration request and then we could come back up i would just note that i mean that dismissing for lack of jurisdiction would have the effect of you know kicking the can down the road and rewarding vista for taking an appeal that was untimely and and ultimately this is money that's not owed to the government this is money owed to other texas insurers that vista has not been paying and those insurers are not here before you you know begging to get their money sooner so you know there apparently is not super great urgency but ultimately this is money that vista owes to other insurance companies in the state of texas that you know the longer we kick the can down the road the longer it takes for them to get paid the money that they're owed council those are all good points but i mean if there's a remand order back to the agency then do we have jurisdiction i mean do we have an option in the matter i mean there are plenty of cases where the court lacks jurisdiction where it'd be a lot more efficient and quicker to reach it get there and decide the claims but we can't do that that may not be a satisfactory outcome or answer but what what what is the answer i mean if there's a remand order do we have jurisdiction to reach part of the case or any of the case or is the relief that vista's asked for today what we've got to do right i agree with you your honor that a certain point that you know the rule is the rule whether it's convenient or not and the normal rule is that a plaintiff cannot appeal an order that remands to the agency this court doesn't have all which they've sort of recognized in unusual circumstances which i would submit this is one of them a court could find jurisdiction because really there's there's nothing left to do before the agency vista doesn't have any claim uh that the agency could adjudicate at this point that is different than the claims that it presented to the district court and that are now before this court on appeal but we ultimately don't oppose if this court doesn't think that it can find a way to find jurisdiction here um what's what's so odd is that walk me through how we found jurisdiction um there are two points one there's nothing uh so there's nothing left to do before the agency the district court's ground for the remand rested on uh a perception that there might still be some proceeding before the agency that hadn't been completed that proceeding that was more than a perception that's what the district court said right i mean in other words how are we to get beyond what we know is in the record which is a remand order well the record before you now reflects that the agency had acted on the reconsideration request in november 2019 it had it reaffirmed in a july 2021 letter that said this is hhs's response on remand to the district court's order there's nothing further for us to do because we've already adjudicated the relevant request again the request that that vista wants to present to the agency is the very same claims it wants to that what it's doing is a regulatory taking or a notice and comment violation when and so the reason we've ended up in this place and the reason the government didn't take it across appeal is is that we i we thought that vista was going to be arguing to you about all of the things it says it cares about here and that it had essentially forfeited the due process claim that has no independent content and that it knew had already been adjudic you know that the request for consideration had been adjudicated in november 2019 but you know ultimately i mean if certainly this court is takes we don't think there's any merit to any of vista's various arguments across the board this is now talking about the constitutionality of individual mandate which it didn't even brief on appeal so it's forfeited those claims certainly we don't want this court to rule or rule against the government on any of these claims without adequate consideration and argument and so you know this this argument's been all about appellate jurisdiction and it makes me a little nervous to to imagine you know the court having to go in and find a jurisdiction and then rule on a bunch of things we haven't talked about and where i think vista has said some things that are quite wrong in its briefs um so so we're you know i won't fight you that hard if you think that the right answer is to dismiss for lack of jurisdiction i just think it's a little odd because there's really nothing left to do before the agency and and i what i would submit should happen if this court dismisses for lack of jurisdiction is that the party should go back to the district court and say look there's nothing left to do before the agency please amend your judgment under rule 60b to finally dismiss their due process claim and then vista can take any appeal that it thinks appropriate at that point what what stopped the either of the parties from doing that before it came up nothing would have stopped it your honor and and in retrospect that idea looks a lot better it's just that the government thought that vista was abandoning its due process claim on appeal and that it was focusing on the other things that it it professed to care about the retroactivity the notice and comment takings all of those things are meritless but that's what they you know that's what they spent the bulk of their time briefing in district court and on appeal and uh and and lots of courts i think including this court have the rule that if if a if a appellant on appeal disclaims any intention to pursue a particular claim that can that can establish appellate jurisdiction like if a district court dismisses without prejudice with leave to amend and the appellant says i don't want leave to amend i want to stand on my current complaint here i am like courts of appeals can have jurisdiction in that instance and i think that's where we thought just it was going it it knew that there was no further hearing it would before the it needed before the agency and and so you know i think in hindsight i could have you know the government could have saved y'all some trouble vista could have saved you some trouble the district court could have saved you some trouble if we just been gotten a clearer ruling um but but here we are but it would help the court if you're a little bit clearer about what you want well what we would like ultimately is for if this is going to keep pressing there's a way to do that excuse me the way to do that is in briefing the appeal and not waiting to get an oral argument and coming up with it oh by the way we don't have jurisdiction or you know i really don't want to be here uh whatever um right i and i share i share your the the confusion because you know we're here because vista took this appeal we as officers of the court in our response brief said hey court like there's a jurisdictional question here but we think there's a path for you to find jurisdiction and now vista sort of oddly is saying i don't want you to find jurisdiction i mean this is vista's appeal and i think vista on page nine although it says contradictory things on page nine of its reply brief it says if hhs is correct so where are we now what do you what what do you think we should do what do you want us to do but given that this argument has focused on appellate jurisdiction rather than on the merits i guess i would be more comfortable with with a remand because i don't want this court to be feel in a position where it's arguing on issues where it hasn't you know been able to focus adequately on them i mean but but ultimately it's you know appellate jurisdiction is your call we're just we're flagging it as an issue that unfortunately has to be encountered and and i well if we were to you know find the path that you said and then rule on all these other issues then vista would file a petition for panel re-hearing or re-hearing in bank and say well the panel ruled on the merits of things of which there was no jurisdiction and then we'd be going around the rosebush over because let's say if we ruled against this still on the merits well then they say king's act didn't have jurisdiction and then our court will swipes it out and then it's more down i'm not saying they don't have clean hands but the way the case was presented to us was not that we were going to spend 40 minutes really talking about this jurisdictional issue if we thought so we would ask for supplemental briefing or whatever whatever we studied up on all these merits issues so at any event it's one of the values of oral argument um to get crystallized what is before us and what what isn't because it sure didn't come through that way in the briefs but you know as wilson said we either have or we don't so you know we see that that's kind of primo uh before us but i hear you saying that go ahead you still got time on your argument i'm not and i i do want to in in the event that the court thinks that there is jurisdiction or there may be a path to jurisdiction i certainly i'm fully prepared to answer any questions you may have about any of vista's merits claims the last thing i wanted to point out in jurisdiction is just that one of the things vista says in its reply brief is that if the government is correct that the government doesn't have to provide a hearing insurer by insurer on whether the rules are the rules and apply to them then this court would have jurisdiction under 28 usc 1291 because there's nothing further for the agency to do so they have at least said vista has said in writing in its reply brief the same thing i am saying now which is there's nothing further for the agency to do the government doesn't have to give each insurer a hearing on whether the rules really are the rules even applied to them and vista doesn't have any any claim that hhs could properly adjudicate about you know did they look did hhs look at the right invoices or calculate things correctly all that vista wants to argue about before the agency is the same thing it argued about in the district court and once and argues about in its opening brief to you which is the retroactivity and the notice and comment and takings and everything else um so if you do have questions about retroactivity or notice and comment takings i'm i would be happy to entertain them um i would just want to point out the basic facts of what happened here just for your honor's awareness um congress mandated that that states were failing that hhs implement an annual risk adjustment program in each state under which insurers who end up covering healthier populations for example vista pay a charge to insurers who end up covering sicker populations um and hhs issues notice and comment rules under that program each year and does so well in advance of the year so that insurers can rely on those rules in making their rate setting decisions and hhs has used the same basic methodology including the payment transfer formula that vista says it doesn't like hhs has applied that every year in the same way except with only minor technical details that have differed since 2014 and the reason why this litigation came about was in early 2018 after the rules for 2017 17 and 2018 had been in effect for a long time um a federal district court in new mexico uh set aside hhs's rules in part to the extent it relied on statewide average premiums for reasons that were later reversed by the 10th circuit on appeal so you know we all like vista would concede we all recognize the new mexico district court decision setting aside the rules was erroneous um but that decision didn't get immediately appealed instead the government sought reconsideration thinking that it would get prompt reconsideration in light of the fact that another court in massachusetts had upheld the rules that didn't pan out and there ended up becoming a brewing crisis in the insurance markets that hhs heard about from congress members of congress from state insurance commissioners from the insurance industry saying hey we need to know whether these rules are going to be in effect or not because we're planning for the next year and hhs in order to prevent such a crisis in the insurance markets reissued the very same rules again it had already issued just with an additional policy explanation that the new mexico court had um as it turns out erroneously said that hhs needed to issue so hhs did cancel and what is the just to stop you really quick i mean when when the new mexico court ruled the way it did hhs didn't do anything to vacate the rules in other words what hhs did was comply with the court order correct in other words there was no you didn't withdraw just didn't which vista relies on hhs there said okay you got me i'm gonna settle your cost reports hospitals on the basis of what the court did and here hhs didn't do that hhs said we think this is wrong we're taking steps to reverse it in the meantime because we don't want to be you know held in contempt of court we're not going to implement a rule that the court tells us we can't do right now but hhs has said all along these are the rules congress has said you know hhs has no choice in the matter it has to implement a risk adjustment program that's congress said you have to do it and so you know if hhs well i mean i guess what i'm what i'm getting to is this issue of detrimental reliance you know you have situations where an agency will set out on a course maybe maybe not enforcing a rule that's in place but they take an action to say effectively we're not going to enforce the rule pending whatever it may be this challenge that challenge or the other or there's a promulgation of a rule here it is um and and for whatever reason though uh i don't see here that the agency took a position and told the folks that are subject to these rules we're not going to enforce it or we're not going to promulgate it or any other thing like that on which somebody could detrimentally rely i mean am i reading that right or you want to respond to their argument a little bit on that point yeah that's absolutely right hhs never said okay despite the fact that the aca says there's going to be a risk adjustment program like the court has has canceled it for the year like hhs never said anything that could induce reasonable reliance on the view that the programs were over for that year all hhs said and these statements are collected at pages 26 to 27 of our brief to you all um hhs just said we are under a court order right now that says we can't we can't use statewide average premium which means we can't do the third step of our methodology which means we can't collect the charges and payments but we're working to get this reversed and you will hear from us as soon as we're allowed to collect your money again and so i mean this is a matter of of weeks not months that that hhs is giving this guidance as well correct that's absolutely right and and um the the the promulgation of the the re-promulgation of the 2017 rule happened within what about a month of the of the district court ruling in new mexico that's not quite right the new mexico court's original ruling i think was in late february perhaps march but i think late february of 2018 and we we moved for reconsideration um the court held a hearing on that and then told us at the hearing that it wasn't going to act until probably labor day and um that the first regulatory deadline that hhs was up against was late june to tell each insurer what its payment or charge was for the year and then july the month of july is normally when hhs would do reconsideration requests from those insurers who say you calculated my numbers wrong and then august september october is when hhs collects the money and then gives it to the insurers who are owed it and so july is when hhs started to speak publicly about the fact that it couldn't collect the money because we hadn't gotten the district court order um reversed or reconsidered yet um and you know the the the response was an outcry for members of congress and state insurance commissioners saying you you absolutely have to get this fixed because we've been planning our business for years on on these charges being there you know we set our premiums in accordance with these rules and so when hhs reissued the rules all it was doing was reinforcing what everyone had been planning on i mean it's sort of the opposite of retroactivity it is it would have been retroactive if hhs had changed the rules at that point and said okay now the program is canceled or now the program has different rules i mean this this is what everybody had been planning on since in the case of the 2017 benefit year since march 2016 everybody had been planning around the these rules and the district court didn't say those rules were illegal it just said that they needed a little bit more explanation in new mexico let me go back to my earlier question uh put it aside for the moment uh jurisdiction uh if we regret that we we reject the the contention that uh that these rules had any retrospective bite or that there is any uh reliance uh that might otherwise uh be curative they uh then where are where is this litigation that would mean that you would affirm the dismissal of the retroactivity-based claim um but unfortunately vista has other claims that i we understand to be logically independent um such as the claim that the reissued rule should have gone through notice and comment um that the reissue was a regulatory takings violation okay but it would simply go through those other rules itself like whether that's whether that and the fact that it's sustainable as in the record before us right and and and to be clear um you know we we find no merit in any of those claims and if this would you just articulate for us what the what those are um these other well starting starting on the notice and comment claim um the district court ruled in our favor by saying that um the agency should have gone through notice and comment for the reissuance of the 2017 rule but that the failure to do so was harmless we think that's that's right it was harmless but we think the reasons i understand your argument just that's why i want to hear from you what what what's the extent and what we do that's one of them now what's the next one that yeah that's one of them and i just wanted to close that one out the reasons the district court gave for why the the failure to go through notice and comment was harmless are actually reasons why notice and comment was unnecessary in the first place because i don't want your argument on it just tell me what those issues are i'm familiar with your arguments and but right it's a little odd for me to be in the position of making business arguments for it but um they've asserted a regulatory takings claim which is without merit for reasons the district court gave um that it's it's not a taking when you walk into a regulated market ahead of time listen to me please slow down and listen to me i ask you to tell me what the issues are regulatory taking you want to argue not just tell me what's the next issue there's an arbitrary and capricious challenge to the fact that the rule that hhs's methodology includes the statewide average premium as a as a scaling factor to convert risk scores into dollars um and we have to rule on that i think so if you find jurisdiction um all right go ahead um and i just would be flipping to the table of contents of their opening brief your honor to see if there's anything else to march through i mean there's some claims that we we disagree with vista about whether they're properly presented to you like everything they said which claims did you come prepared to argue i came prepared to argue the ones that are in their brief and not the ones that my colleague was talking to you about earlier like whether the aca the individual mandates the ones that are in the brief are retroactivity which we discussed a fair a fair amount with judge wilson notice and comments um whether the rule is arbitrary and capricious because it includes statewide average premium and whether it is a regulatory taking um that hhs applied its rules to uh vista okay and that's it okay and then and uh if you prevail on all those issues where's the litigation um you i think you affirm the district court judgment and vista can seek further review if it wishes to okay thank you um i just note if the court has ends up having further questions that we didn't get to today and want supplemental briefing or re-argument on anything i would i it's been a huge mess with this threshold jurisdictional issue and so i apologize for whatever role the government played and all the issues all the issues that you've iterated have been briefed so they're at least in the brief and i mean the keys to the kingdom of the briefs and so you know they're laid out there notwithstanding that most of the time has not gone into them but uh if they're fairly responded to in the briefs then if we get there then that's what we'll go with unless there's some super meaning event out here agency-wise or otherwise we're going to take the case as we find it so um all right i think we have you in terms of the jurisdictional issue and uh with judge higginbotham's help we've had you articulate what you view as the issues that were front and center so i think we're good so we're going to go back to miss riggs now miss riggs fairly you spent three quarters of the time on this jurisdictional issue so you know um you've got rebuttal but i'm not going to give you extra rebuttal in order to you know go through all that other stuff you picked your poison in terms of the path you wanted to take and so you want to convince us about jurisdiction so take your five minutes and make the best use of it absolutely um and i apologize for devoting so much time to that um i i felt as an officer of the court once it was raised by cms trying to assert that vista had not preserved its right to review regarding the 2018 rate adjustment transfer that we had to address it um and we do disagree with the agency about what they can do we believe that their own rules provide for more review than what they say they've given us and the fact that they say it's final we've done it does not resolve the issue but do you agree with council opposite that there is nothing remaining to be done below oh we don't um 18.063 does require the adoption of a rate adjustment transfer formula but the factors and whether to apply them is something within their discretion and in that sense um there is some issue of do they have discretion not to enforce do they have the discretion to consider some of the factors they consider there's another medicare program that's referenced in section 18.063 so we disagree that there's nothing still to do before the cms and that all they have to do is plug in the data all right so if we were to find no jurisdiction and send this back down to the district court what is it you say happens there i think it goes back to the agency to create a proper record of just what the agency believes it has jurisdiction to do well i guess i'm saying are you going to have to convince the district court that there's more to be done if the district court feels i mean are you going to be having to convince the district court that there is something more to be done in order to get back down and if so what is it you're going to say to the district court i think we will have that obligation um i think it's already in the opinion though that judge yackel pointed to this section which allows the introduction of evidence before the cms and i don't think the district court agreed with the position the cms took that all you do is plug in the data and did we apply the formula correctly now does that mean that the agency has the authority to put to declare the rule invalid no do they have the authority to declare it unconstitutional no but can they take evidence on why vista believes the and if they want to counsel but if i understood uh what council opposite was saying this there was actually a reconsideration by the agency in 2019 is that accurate that is not accurate we did not have a hearing in 2019 and was there any kind of reconsideration in 2019 that is before we presented that to the district court in our amended petition and that was included in our motion for summary judgment we included the challenge to the 2017 and the 2018 rate adjustment transfer and no hearing has ever been given either no hearing but no hearing but was there any reconsideration conducted by the agency in 2019 that's what i thought i heard hhs council to say there was a hearing set and a hearing officer assigned but there was no final decision by that officer ever issued all that was issued was this kind of post hoc justification in the letter that the cms wanted to supplement the record with but you know the district your your viewpoint is that a reconsideration without a hearing in a reconsideration that's basically what you're saying yes exactly so you're trying to say if there wasn't a hearing you didn't have a saying what it said before uh what's your best case simply put that if there's a reconstitution requested that that entity must uh impound a hearing in order for that to be the case or some kind of hearing that we have the opportunity to respond to rather than just issuing a letter saying no we're not going to change our mind well i mean i hear that argument but you're out of time it's just not resonating with me just because you say it that makes it be so there are a lot of reconsiderations that courts do and they don't invoke a whole nother hearing they may go back and look at what's been filed any new cases and so forth so what makes the reconsideration defective merely because it wasn't here unless there's something in the cfr or something else that expressly says there must be a hearing and i haven't heard you identify something that's codified that mandated a hearing that wasn't done to which the district court would be able to say okay no first base was missed person went straight to second base that's what i'm listening for and it is your honor in 45 cfr 156.1220 subsection b informal hearing and um informal hearing procedures described and those are what the district court referenced in its opinion all right all right well i think we we have your argument both on jurisdiction as well as the parameters of the other arguments as i said the briefing is the key to the kingdom and so what you've briefed or not briefed is what you know you kind of stuck with but the argument is helpful in illuminating perhaps what is before us and maybe what isn't before us but we will untangle it as best that we can and as i said at the outset we appreciate both of your flexibility and nimbleness to give us the benefit of the argument we will deem the case submitted and we'll sort it out and we'll get an opinion out as soon as we can thank you we appreciate the you